ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ALEJANDRA M. JOVER TOVAR<br><br>Recurrida<br><br>v.<br><br>ÁNGEL LUIS LÓPEZ RUIZ<br><br>Peticionario | KLCE202500645 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. OPVS-2025-SJL148-2025-0190<br><br>Sobre:<br>Acoso Sexual |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos el peticionario, Ángel L. López Ruiz (en adelante peticionario o López Ruiz), y nos solicita la revisión de la *Orden de Protección para Víctimas de Violencia Sexual*, emitida y notificada el 14 de mayo de 2025, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante esta, el Foro Primario extendió por seis (6) meses la referida orden a favor de la recurrida, Alejandra M. Jover Tovar (en adelante, recurrida o Jover Tovar).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *Certiorari*.

## I.

El 16 de febrero de 2025 la recurrida solicitó una *Petición de Orden de Protección para Víctimas de Violencia Sexual,* al amparo de la Ley para la Protección de Víctimas de Violencia Sexual en

Puerto Rico, Ley 148-2015, 8 LPRA sec. 1281, *et seq*.[1] En esencia, Jover Tovar alegó que, tras haberse realizado una histerectomía, el 11 de febrero de 2025, acudió a una cita de seguimiento con el peticionario, quien era el cirujano de cuidado de piel asignado a su caso. Adujo que en esta cita fue sometida por López Ruiz a lo siguiente:

- Sometido a un acto que tiende a despertar, excitar o satisfacer la pasión o deseos sexuales de la parte contra quien solicito esta orden de protección (actos lascivos).

  […]

- Sometido a una situación intimidatoria, hostil o humillante provocada por la conducta sexual de la parte contra quien solicito esta orden de protección y con quien tengo una relación laboral, docente o de prestación de servicios (acoso sexual).

Tras analizar las alegaciones correspondientes, el 16 de febrero de 2025, el Foro Primario expidió una orden de protección ex parte a favor de Jover Tovar.[2] En la misma, el Foro *a quo* determinó que, durante la referida cita con el peticionario, mientras le realizaba a la recurrida un masaje linfático con una pomada en el área púbica, López Ruiz le verbalizó a Jover Tovar lo siguiente: "[s]i esto se siente rico hacerlo, me imagino cómo se debe sentir sentirlo". Luego le expresó que "así como los hombres mienten sobre la operación para no tener más hijos, ella podía mentir y decir que su menstruación es microscópica para poder hacer el 'mandado'".

Luego de la suspensión de un previo señalamiento de vista, el 14 de mayo de 2025, se celebró la vista en su fondo, en la cual testificó la recurrida. Tras evaluar su testimonio, el Tribunal de Primera Instancia expidió la orden de protección solicitada por la

---

[1] Apéndice, págs. 7-10.
[2] Apéndice, págs. 11-17.

Jover Tovar, con vigencia del 14 de mayo de 2025, hasta el 14 de noviembre 2025.[3] De las determinaciones de hechos esbozadas en la referida orden, surge que el Foro Primario concluyó que, mientras el peticionario le realizaba a la recurrida un masaje linfático en el área púbica como parte de su tratamiento, este verbalizó las expresiones previamente mencionadas.

Inconforme, el 11 de junio de 2025, el peticionario acudió ante nos mediante el recurso de *Certiorari*. En este, expone el siguiente señalamiento de error:

> ERRÓ EL TPI AL CONCEDER UNA ORDEN DE PROTECCIÓN A LA RECURRIDA AL CONCLUIR INCORRECTAMENTE QUE LOS HECHOS QUE ALEGADOS CONFIGURAN EL DELITO DE ACOSO SEXUAL, TAL Y COMO LO DEFINE EL ARTÍCULO 135 DEL CÓDIGO PENAL DE PUERTO RICO DE 2012.

Por su parte, el 24 de julio de 2025, la recurrida presentó su oposición al recurso de epígrafe. Así, con el beneficio de la comparecencia de ambas partes, disponemos.

## II.

## A.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 846-847 (2023); Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1004 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174-175 (2020); IG Builders *et al*. v. BBVAPR, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González

---

[3] Apéndice, págs. 1-6.

v. Zaragoza Meléndez, *supra,* pág. 847; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016).

Al evaluar un recurso de *certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> 4 LPRA Ap. XX-B, R. 40;
> BPPR v. Gómez-López, *supra*, pág. 337.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. BPPR

v. SLG Gómez-López, *supra*, pág. 334; VS PR, LLC v. Drift-Wind, 207 DPR 253, 273 (2021). El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. BPPR v. SLG Gómez-López, *supra*, pág. 335; SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 434-435 (2013); Rivera y otros v. Bco. Popular, 152 DPR 140, 155 (2000).

**B.**

La *Ley para la Protección de las Víctimas de Violencia Sexual de Puerto Rico*, supra, provee para que cualquier persona que ha sido víctima de una agresión sexual, actos lascivos, acoso sexual o incesto, según están tipificados en el Código Penal de Puerto Rico, 33 LPRA sec. 5001, *et seq.,* pueda solicitar una orden de protección en contra de quien llevó a cabo dicho delito, sin que sea necesario una denuncia o acusación previa. 8 LPRA sec. 1281. Específicamente, en el Artículo 2 del referido estatuto, 8 LPRA sec. 1281 nota, se establece como política pública del Gobierno la lucha contra la violencia sexual. Asimismo, define este tipo de violencia como "el acto de coacción hacia una persona con el objeto de que lleve a cabo determinada conducta sexual". Íd. Para emitir la orden de protección el Foro Primario deberá determinar si existen *motivos suficientes* para creer que la parte que hace la solicitud ha sido víctima de alguno de los delitos mencionados. 8 LPRA sec. 1282.

Ahora bien, en lo pertinente, el Artículo 133 del Código Penal, 33 LPRA sec. 5194, codifica el delito de *actos lascivos* de la siguiente manera:

> Toda persona que, a propósito, con conocimiento o temerariamente, sin intentar consumar el delito de agresión sexual descrito en el Artículo 130, someta a otra persona a un acto que tienda a despertar, excitar o satisfacer la pasión o deseos sexuales del imputado, en cualquiera de las circunstancias que se exponen a continuación, será sancionada con pena de reclusión

por un término fijo de ocho (8) años, más la pena de restitución, salvo que la víctima renuncie a ello:

**(g)** Cuando la persona acusada se aprovecha de la confianza depositada en ella por la víctima por existir una relación de superioridad por razón de tenerla bajo su custodia, tutela, educación primaria, secundaria, universitaria o especial, tratamiento médico o psicoterapéutico, consejería de cualquier índole, o por existir una relación de liderazgo de creencia religiosa o de cualquier índole con la víctima.

Por otro lado, el Artículo 135 del Código Penal, 33 LPRA sec. 5196, define el delito de *acoso sexual* de la siguiente forma:

Toda persona que, en el ámbito de una relación laboral, docente o de prestación de servicios, solicite favores de naturaleza sexual para sí o para un tercero, y sujete las condiciones de trabajo, docencia o servicios a su cumplimiento, o **mediante comportamiento sexual provoque una situación con conocimiento de que resultará intimidatoria, hostil o humillante para la víctima**, será sancionada con una pena de reclusión por un término fijo de tres (3) años. (Énfasis nuestro).

### III.

En el caso ante nos, el peticionario adujo que el Foro Primario erró al conceder una orden de protección a favor de la recurrida por alegado acoso sexual, según defendido en el Artículo 135 del Código Penal, *supra.* Tras examinar el expediente que obra en autos, resolvemos que no existen motivos que nos lleven a apartarnos de lo resuelto por el Tribunal de Primera Instancia.

De los documentos presentados en su recurso, no surge que el Foro *a quo* haya incurrido en un abuso de discreción al emitir la orden de protección solicitada por la recurrida. Es nuestra apreciación que el dictamen recurrido está fundamentado en una correcta evaluación de los hechos probados ante el Foro Primario, y, por ende, aplicación del derecho pertinente. Tras evaluar las determinaciones de hechos incluidas en la orden de protección de la cual se recurre, observamos que el Foro Primario detalló hechos específicos demostrativos de los elementos del delito de acoso

sexual. Por lo cual, justipreciamos que, al conceder la solicitud de la recurrida, el Tribunal de Primera Instancia no se apartó de las exigencias de la Ley Núm. 148, *supra*, pues esta solo exige que se demuestren *motivos suficientes* para emitir la orden de protección.

En virtud de lo expuesto anteriormente, nos vemos en la obligación de abstenernos de intervenir en el asunto sometido a nuestra consideración. Por lo tanto, al no cumplirse los requisitos establecidos en la Regla 40 de nuestro Reglamento, *supra*, y en ausencia de que el Foro Primario haya incurrido en prejuicio, parcialidad, o error craso al emitir la orden de protección recurrida, procedemos a denegar la expedición del presente recurso.

## IV.

Por los fundamentos expuestos, *denegamos* expedir el recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones